JORDAN and Another *v.* SHIREMAN.

WAREHOUSEMAN.—A sale by a warehouseman of property deposited with him for storage, without notice to the owner, is a conversion of the property.

APPEAL from the *Hendricks* Circuit Court.

GREGORY, J.—*Shireman* sued *Jordan* and *Spotts*, warehousemen at *Indianapolis*, for the wrongful conversion of 665 bushels of white wheat, stored by the plaintiff with defendants. The defense was, that in *July*, 1865, the defendants sold the wheat, without notice to the plaintiff, to prevent its destruction by weevil. The court found specially as follows: "That the plaintiff deposited with the defend-

ants, as warehousemen, in *January*, 1865, 665 31-100 bushels of wheat, storage at one cent per bushel per month; that a demand was made for the property on the 20th day of *October*, 1865, and that there was a failure to deliver the same, upon the ground that it had been sold by the defendants in *July*, 1865; a tender by the plaintiff of the amount due the defendants for storage and expenses; that the sale of the wheat by the defendants in *July*, 1865, without notice to the plaintiff, was a conversion of the property, and that wheat was worth at that time $1 35 per bushel; that wheat of the kind deposited, on the 20th day of *October*, was worth $2 40 per bushel; that 665 31-100 bushels, at the price named, amounts to $1,464 10; that the defendants are entitled to a deduction of $60 for storage, and the further sum of $3 paid for insurance upon the wheat; that the plaintiff is entitled to interest from the time of the demand, upon the sum of $502 64, to date; and that the plaintiff is entitled to recover from the defendants the sum of $1,446 29, and to withdraw the $60 paid into court."

The defendants moved for a new trial on the ground, among others, that the finding was not sustained by the evidence.

It is urged in this court that the evidence, which is made a part of the record, does not sustain the finding. The wheat was stored with the defendants as warehousemen, and not as commission merchants to sell. As warehousemen, the defendants could only sell, if at all, without notice to the plaintiff, where the danger of damage or destruction was imminent. The plaintiff resided in an adjoining county; he had visited the warehouse of the defendants in *June*, and they had abundant opportunity of knowing his postoffice address. The wheat was placed in a bin up stairs, and although there is proof that weevil were in the warehouse, and that white wheat was most liable to attack from them, there is no proof that weevil were in this particular lot. *Rusch*, a warehouseman at *Indianapolis*, swears that "weevil that season got into a bin of wheat in

his warehouse, that he moved the wheat, cleared out the bin, white-washed it, and cleared up the warehouse, and had no more trouble with it." The court below found that the sale in *July*, without notice to the plaintiff, was a conversion of the property. On a careful examination of the evidence, we cannot say that the finding is so clearly against the testimony as to justify this court in setting it aside.

The judgment is affirmed, with costs.

*L. M. Campbell* and *J. V. Hadley*, for appellants.

*W. R. Harrison* and *W. S. Shirley*, for appellee.

