<hr />

BAKER v. BORN.

[No. 2,197.    Filed April 21, 1897.]

BAILMENTS.—*Grain Deposited With Warehouseman.*—Where a warehouseman receives grain on deposit from the owner, to be mingled with other grain in a common receptacle from which sales are made, the warehouseman keeping at all times sufficient grain of like kind and quality for the depositor, and ready for delivery to him upon demand, the contract is one of bailment. *p. 402.*

CONVERSION.—*Plaintiff Must be the Owner or Entitled to Possession.*— A person cannot maintain an action for conversion where he neither owns nor is entitled to possession of the property alleged to be converted. *p. 403.*

SAME.—*Sufficiency of Complaint in Action Against Warehouseman.*— In an action against a warehouseman for the conversion of certain corn deposited with him, the complaint should allege that prior to the commencement of the action defendant did not have a sufficient quantity of corn of the kind and quality deposited with him with which to meet a demand by plaintiff ; that a demand was made ;

that storage charges and expenses, were tendered, or that storage charges had not attached.  *pp. 404, 405.*

SAME.—*Complaint in Action Against Warehouseman.*—An allegation in a complaint in an action against a warehouseman for conversion of a quantity of corn deposited with him, that on and before a specified date defendant had no corn in his warehouse or under his control, of the quality of plaintiff's corn deposited prior to a specified earlier date, but had sold such corn, is not equivalent to an allegation that on a day certain the defendant did not have in his warehouse sufficient corn of the kind and quality deposited by plaintiff.  *p. 405.*

From the Tippecanoe Superior Court. *Affirmed.*

*J. M. La Rue, W. C. Mitchell* and *Thompson & Storms,* for appellant.

*Caldwell & Caldwell,* for appellee.

HENLEY, J.—The complaint in this case is short, and probably states the facts in as brief a form as could be done by the court, and is as follows:

"The plaintiff, Helen C. Baker, complains of Samuel Born, defendant, and says, that during the years 1892, 1893, and 1894, said defendant was a warehouseman, doing business in the city of Lafayette, in said county and State, and during said years this plaintiff, then Helen C. Pickering, stored in said defendant's warehouse 863 bushels and 6 pounds of corn, 525 bushels and 60 pounds in 1892 and 1893, the last being deposited July 18, 1893, and 337 bushels and 14 pounds in 1894, the last delivery being April 24, 1894; that the corn deposited in 1892 and 1893 was sold by said defendant without any notice to this plaintiff, a short time after it was deposited in said warehouse, the exact time of said sale being unknown to this plaintiff, but she charges within three months of the time when deposited, and the corn deposited in 1894 was also sold by said defendant without notice to plaintiff, within three months of the time when it was de-

posited, and in both cases the proceeds of said corn were converted by defendant to his own use as soon as sold; that on or before the 1st day of November, 1893, said defendant had no corn in his warehouse of the quality of plaintiff's corn or under his control, deposited prior to August 1, 1893; that on or before October 10, 1894, he had no corn in his warehouse of the quality of plaintiff's corn deposited prior to July 1, 1894, but in both instances had sold all such corn; that said corn at the time the same was sold was worth 40 cents a bushel; that afterwards and before the bringing of this suit, said defendant denied having any of plaintiff's corn in store, and refused to pay her anything for said corn; that the value of said corn at 40 cents per bushel, with interest thereon from the date of its conversion, is due and unpaid. Wherefore, plaintiff brings suit and demands judgment for the value of said corn and interest thereon from date of sales thereof, being altogether $500.00, and for all other just relief."

At the same time appellant, who was the plaintiff below, filed interrogatories to be answered by appellee under oath. Appellee moved to strike out all the interrogatories submitted, which motion was, by the court, sustained, except as to the interrogatories therein numbered one and two. To this ruling of the court appellant excepted. Appellee demurred to the complaint, stating as a reason, that the same did not state facts sufficient to constitute a cause of action. The demurrer to the complaint was sustained, to which ruling appellant excepted, and the appellant declining to plead further, judgment was rendered in favor of appellee.

The errors assigned are, (1) that the court below erred in sustaining appellee's demurrer to appellant's complaint; (2) that the court below erred in sustaining

appellee's motion to strike out the interrogatories filed with appellant's amended complaint.

It appears, from the complaint, that appellee was conducting a warehouse where grain was received and stored, and from which he made sales; that appellant stored corn with appellee in the ordinary course of the business, with no special contract that the corn was to be treated in any manner different from that of other depositors.

It is the law in this State, that where a warehouseman receives grain on deposit from the owner, to be mingled with other grain in a common receptacle from which sales are made, the warehouseman keeping at all times sufficient grain of like kind and quality for the depositor, and ready for delivery to him upon demand, the contract is one of bailment. *Woodward* v. *Semans*, 125 Ind. 330; *Rice* v. *Nixon*, 97 Ind. 97; *Bottenberg* v. *Nixon*, 97 Ind. 106; *Lyon* v. *Lenon*, 106 Ind. 567; *Morningstar* v. *Cunningham*, 110 Ind. 328.

The contract entered into between the parties to this action was, then, a contract of bailment, and not of sale.

An action for conversion could not have been maintained, on the other hand, if the facts alleged made the contract one of sale, because, then the ownership and possession of the corn would have been in appellee, and where a person neither owns nor is entitled to the possession of the property alleged to be converted, he cannot maintain the action. *Hamilton, Exr.,* v. *Toner, ante,* 389; *Hunter* v. *Cronkhite,* 9 Ind. App. 470.

The duty owing from appellee to appellant was the delivery to her upon demand, and upon her paying any agreed storage charges, corn of the same kind and quality as he had received from her. This rule is rendered necessary in matters of this kind in order to

carry on the business of handling the great grain crops of this country, for to preserve intact at a public warehouse the individual deposits of grain would be well nigh impossible.

Thus, it was said by Elliott, J., in the case of *Rice* v. *Nixon, supra,* "It is not unknown to us, nor can it be unknown to any court, for it is a matter of great public notoriety and concern, that a vast part of the grain business of the country is conducted through the medium of elevators and warehouses, and it cannot be presumed that warehousemen in receiving grain for storage, or depositors in intrusting it to them for that purpose, intended or expected that each lot, whether of many thousand bushels, or of a few hundred, should be placed in separate receptacles; on the contrary, the course of business in this great branch of commerce, made known to us as a matter of public knowledge and by the decisions of the courts of the land, leads to the presumption that both the warehouseman and the depositor intended that the grain should be placed in a common receptacle and treated as common property. This rule, secures to the depositor all that in justice he can ask, namely, that his grain shall be ready for him in kind and quantity whenever he demands it. Any other rule would impede the free course of commerce and render it practically impossible to handle our immense crops. It is reasonable to presume that the warehouseman and his depositor did not intend that the course of business should be interrupted, and that they did not intend that the almost impossible thing of keeping each lot, small or great, apart from the common mass should be done by the warehouseman. If the warehouseman is not bound to place grain in a separate place for each depositor, then, the fact that he puts it in a common receptacle with grain of his own

and that of other depositors, does not make him a purchaser, and if he is not a purchaser, then he is a bailee. In all matters of contract the intention of the parties gives character and effect to the transaction, and in such a case as this the circumstances declare that the intention was to make a contract of bailment and not a contract of sale. The duties, rights and liabilities of warehousemen are prescribed by the law as declared by the courts and the legislature, and as matter of law it is known to us that a warehouseman, by placing grain received from a depositor in a common receptacle, and treating it as the usages of trade warrant, does not become the buyer of the grain, unless, indeed, there is some stipulation in the contract imposing that character upon him."

This complaint does not allege that at any time prior to the commencement of this action the appellee did not have a sufficient quantity of corn of the kind and quality deposited with him by appellant with which to meet a demand therefor. It does not allege that prior to the commencement of this action the appellant demanded a return of her corn deposited, nor that at any time prior to the filing of the complaint appellant tendered to the appellee any amount due appellee for storage and expenses, or aver that no storage charges or expenses had attached thereto; hence this cause does not fall within the doctrine announced by the Supreme Court in *Jordan* v. *Shireman,* 28 Ind. 136. This cause is further distinguished from the case of *Jordan* v. *Shireman, supra,* for the reason that, in the case last mentioned, the deposit was of a particular kind of wheat placed in a separate bin, which wheat was sold by the warehouseman without notice to the owner.

The allegation in the appellant's complaint, "that on and before the 1st day of November, 1893, said de-

fendant had no corn in his warehouse of the quality of the plaintiff's corn, or under his control deposited prior to August 1, 1893; and on and before October 10, 1894, he had no corn in his warehouse of the quality of plaintiff's corn deposited prior to July 1, 1894, but in both instances had sold all such corn," is not equivalent to an allegation, if, in fact, such an allegation was material, that on a day certain the appellee did not have in his warehouse sufficient corn of the kind and quality deposited by appellant with him.

We do not understand that it is at all material when appellee purchased the grain with which to keep his stock intact as against the demand of his depositors, but that it was necessary for appellee to be able to deliver upon demand, to depositors with him, grain of amount, kind and quality, without regard to when or where he may have procured it.

We are convinced that the court below did not err in sustaining the demurrer to the complaint. After holding the complaint insufficient, it would be unnecessary for this court to pass upon the question as to whether or not the interrogatories were properly stricken out. There being no cause of action shown by the complaint against the appellee, the court has nothing by which to determine the pertinency of the interrogatories.

Judgment affirmed.