## BARROWS *v.* WAMPLER ET AL.

[No. 3,033.    Filed April 4, 1900.]

SALES.—*Bailment.*—Plaintiff cannot recover in an action on a *quantum meruit* for wheat sold and delivered to defendant, where the evidence showed that the wheat was delivered to defendant for storage and no contract of sale was shown.

From the Knox Circuit Court.    *Reversed.*

*W. A. Cullop* and *C. B. Kessinger,* for appellant.
*J. T. Goodman* and *W. H. DeWolf,* for appellees.

WILEY, C. J.—Appellee Wampler sued appellant and another on an account, and his complaint was as follows: "The plaintiff, complaining of the defendants, says that the defendants are indebted to him in the sum of $1,500 for

wheat sold and delivered to them by plaintiff at the special instance and request of defendants; a bill of particulars of plaintiff's claim being filed herewith, and made a part hereof, marked Exhibit A. Plaintiff says that his claim is just, true, correct, and wholly unpaid, and that defendants have failed and refused, and still refuse, to pay plaintiff's claim, although often requested so to do. Wherefore plaintiff demands judgment for $1,500, etc." The bill of particulars referred to as an exhibit is as follows:

"Messrs. William R. Gilmore and John E. Barrows, to John D. Wampler, Dr.

| | |
|---|---:|
| 1891, Aug. 15, To 834 1-4 bushels of wheat at 85 cents | $719.90 |
| 1892, Dec. 16, To 233 33-60 bushels of wheat at 80 cents | 186.40 |
| 1893, Aug. 1, To 91 bushels of wheat at 65 cents | 59.15 |
| To interest on same | 534.55 |
| Total | $1,500.00" |

Appellant and his codefendant below answered separately in three paragraphs. The first paragraph was a general denial; the second, statute of limitations, and, third, payment. A reply in denial put the case at issue. There was a trial by the court, and upon proper request a special finding of facts was made, and conclusions of law stated thereon. The conclusion of law was that appellee Wampler should recover of appellant $401.67, and that he take nothing as to defendant Gilmore. Appellant excepted to the conclusion of law, and also moved for a new trial, which motion was overruled. The errors assigned are (1) that the court erred in its conclusion of law, and (2) that the court erred in overruling the motion for a new trial.

The facts specially found show that, in August, 1891, appellant and one Gilmore were partners buying, selling, and storing wheat under the firm name of Gilmore and Barrows; that said partnership continued until September,

1891, when said Gilmore withdrew from the firm, and the business was continued by appellant in his own name; that during 1892-1893 appellant had associated with him as a partner in said business one Cox, and they continued in the business just as their predecessors had done; that while appellant and Cox were doing business it was all done in the name of appellant; that in August, 1891, appellee Wampler sold and delivered to the firm of Gilmore and Barrows 834 1-4 bushels of wheat, which at the time was worth eighty-two cents per bushel; that on December 16, 1892, Wampler sold and delivered to the firm of Barrows & Cox, 233 35-60 bushels of wheat, which was at the time worth seventy-two cents per bushel, or $168.18 for the lot; that in August, 1893, Wampler sold to the firm of Barrows & Cox ninety-one bushels of wheat, which was of the value at the time of fifty cents per bushel, or $45.50 for the lot; that an aggregate amount (naming it) is due and unpaid.

Upon these facts, the conclusion of law as stated by the court is correct, and it is not seriously contended to the contrary. Counsel for appellant in their brief say that the questions presented are based mainly upon the evidence, and that under the evidence appellee Wampler is not entitled to recover in this action, as declared upon in the complaint. We have copied the complaint in full, to the end that it may be the more easily determined whether or not the undisputed facts disclosed by the evidence support the facts found by the court, and are in harmony with the facts alleged in the complaint. Appellee Wampler, plaintiff below, testified that in August, 1891, he stored 834 bushels of wheat with Gilmore and Barrows; that in 1892, he delivered to Barrows 233 bushels of wheat; that in 1893, he delivered to Barrows ninety-one bushels; that all of said wheat was delivered to said firm and to Barrows to be by them, and was, stored in their warehouse for him; that he was to pay for the first month one cent per bushel for storage, and onehalf cent per month thereafter, for the first lot; that there

was some misunderstanding between them as to what he was to pay for storage and insurance on the second lot, and he did not remember what it was. As to the third lot, he said there was no misunderstanding; that he wanted appellant to pay for it, but that he would not; that he delivered it to him to put on car to ship, etc. As to the first and second lots, appellee produced and read in evidence the following warehouse receipts: "Office of Gilmore & Barrows. * * * Bicknell, Indiana, August 15, 1891. This is to certify that John D. Wampler has stored with Gilmore & Barrows 834 1-4 bushels of wheat, for which he agrees to pay one cent for first month while in store, and one-half cent for each succeeding month. [Signed] Gilmore & Barrows."

"Bicknell, Indiana, Dec. 16, 1892. This is to certify that John D. Wampler has in store with me 233 35-100 bushels of wheat of the crop of 1892. [Signed] J. E. Barrows, by Cox." Appellee also testified that the firm of Gilmore & Barrows was dissolved after he delivered the first lot of wheat; that they had a warehouse in Bicknell in which wheat was stored for farmers and that he did not know anything about Cox becoming a partner of Barrows after Gilmore withdrew.

It is unnecessary for us to state in detail the evidence of other witnesses. It is sufficient to say that it is shown that the firm of Gilmore & Barrows was dissolved in September, 1891; that one Cox thereupon became a partner of Barrows; that the business was thereafter conducted in the name of John E. Barrows; that the wheat delivered by Wampler in 1893 was not stored by Barrows & Cox; that they refused to receive it for storage, because it would not grade number two, and that it was put in a car and shipped. All the rest of the evidence related to the price of wheat at the dates when the several lots were delivered.

The evidence is brought into the record by a bill of exceptions, and is in narrative form. There is not a fact disclosed by the evidence about which there is the slightest dis-

pute. It can truthfully be said that there is no conflict in the evidence, and we have searched the record in vain to find any evidence even tending to show that appellee Wampler ever sold to Barrows, or to the firms of Gilmore & Barrows and Barrows & Cox, a bushel of wheat. Wampler's own evidence, which is uncontradicted, shows that he stored the wheat in the warehouse of Gilmore & Barrows and of Barrows & Cox, and in this he is corroborated by the warehouse receipts introduced in evidence, and all the evidence upon that point. He was to pay storage, and the wheat was at his command.

We are not favored with a brief on behalf of the appellee, and we are not advised upon what theory the trial court reached the conclusion shown by the record, and we are unable to see upon what theory or legal principle it can be upheld. Appellee sued to recover for wheat sold and delivered. His action, as disclosed by his complaint, is upon a *quantum meruit.* He is bound by the theory of his complaint. No rule of law is more firmly established than that a plaintiff cannot sue upon one theory, and recover upon another. He is bound by the theory he adopts. *Diggs* v. *Way,* 22 Ind. App. 617; *Adams* v. *Davis,* 109 Ind. 10; *Riley* v. *Walker,* 6 Ind. App. 622.

Appellee Wampler sued appellant and appellee Gilmore as partners, and based his action upon an alleged sale and delivery to them of three different lots of wheat. There is not a word of evidence that he ever sold them a bushel of wheat. On the contrary, it is undisputed that he stored the first lot with Gilmore & Barrows, for which he was to pay certain storage; and the second lot was stored with Barrows & Cox, and he was to pay them storage; and the third lot, he neither sold nor stored with the last named firm, but it was put into a car and shipped. It is not even disclosed who shipped it, or on whose account it was shipped. Under these facts, there could be no sale, and hence the title remained in appellee Wampler. The evidence shows

a contract of bailment, and establishes the relation of bailor and bailee between appellee and the respective parties to whom the several lots of wheat were delivered for storage. See *Drudge* v. *Leiter*, 18 Ind. App. 694; *Baker* v. *Born*, 17 Ind. App. 422. It follows that there is such a variance between the facts alleged and the facts proved that appellee could not recover. Such variance is fatal. *City of Huntington* v. *Mendenhall*, 73 Ind. 460; *Louisville, etc., R. Co.* v. *Hollerback*, 105 Ind. 137. A plaintiff can not recover on evidence that makes a case materially different from the case made by his pleadings. *Cincinnati, etc., R. Co.* v. *McLain*, 148 Ind. 188; *Louisville, etc., R. Co.* v. *Renicker*, 8 Ind. App. 404.

The judgment is reversed, and the court below is directed to grant appellant a new trial.