## LAFARA v. TEAL.

### [No. 3,905. Filed November 14, 1901.]

CONVERSION.—*Pleading.—Allegation of Ownership.*—A complaint for conversion alleging that plaintiff is the owner of the property is not defective because of its failure to allege that at the time of the conversion he was in possession or entitled to the possession of the property converted.

From Tipton Circuit Court; *W. W. Mount,* Judge.

Action by Charles Teal against Francis M. Lafara for conversion. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*G. H. Gifford, G. G. Gifford, J. R. Coleman* and *W. Carter,* for appellant.

*Dan Waugh, J. N. Waugh* and *J. P. Kemp,* for appellee.

HENLEY, J.—This was an action for conversion commenced by appellee, Charles Teal, against appellant, Francis M. Lafara. The complaint was in two paragraphs. Appellant demurred separately to each paragraph of complaint. The trial court overruled the demurrer to each paragraph of complaint. There was an answer of general denial, trial by jury, and verdict and judgment for appellee in the sum of $775. The only question discussed by counsel for appellant is the action of the trial court in overruling the appellant's demurrer to the first paragraph of appellee's complaint. The first paragraph of the complaint is very brief, and, omitting

the formal parts, is as follows: "Comes now the plaintiff, Charles Teal, and complains of the defendant, Francis M. Lafara, and says: That heretofore, to wit, on the 25th day of April, 1899, he was the owner of the following personal property, to wit: One traction engine of the value of $1,400; one threshing separator of the value $500; one clover huller of the value of $350; one water tank of the value of $30, all of the aggregate value of $2,280; that on said date the defendant, without right, unlawfully and wrongfully took and carried away said property and converted the same to his own use, and has so unlawfully and wrongfully kept and possessed said property ever since, to plaintiff's damage in the sum of $2,280, for which amount plaintiff demands judgment and for all proper relief."

Counsel for appellant contend that this complaint is fatally defective because it does not contain an averment that at the time of the conversion the plaintiff was in possession or entitled to the possession of the property converted. To maintain an action for conversion the plaintiff must aver and prove either ownership or right of possession in the property alleged to have been converted. *Hunter* v. *Cronkhite,* 9 Ind. App. 470; *Day* v. *Watts,* 92 Ind. 442; *Baker* v. *Born,* 17 Ind. App. 422.

In actions for conversion the object is to recover the value of the property converted, and not the possession of the property, and herein lies the importance of averring ownership in the plaintiff. The objection to the complaint is without merit.

Judgment affirmed.