49 . 9
105 449

JAMES JONES v. JOHN KEMP.

*Sale absolute—Variance—False representations as to solvency.*

An arrangement with a miller to deliver wheat to him to be paid for on delivery or at any subsequent time when payment shall be demanded, and with an understanding that the miller may use it in his milling business, is a sale absolute if no right is reserved to recall or return it.

A declaration on the case charging defendant with having procured plaintiff to sell and deliver goods to him by making false representations as to his own credit, is not supported by evidence that defendant by making false representations of solvency and prompt payment, had obtained an extension of time on a debt already matured.

Error to Kent. Submitted June 16. Decided June 21.

CASE. Defendant brings error. Reversed.

*Blair, Kingsley & Kleinhans* for appellant. A transfer of wheat is an absolute sale where the parties fix the price and time of payment, and contemplate that the merchandise is to be mixed with other grain and ground up and sold as the purchaser's flour and that the purchaser is to have the profit or suffer the loss: *Chase v. Washburn* 1 Ohio St. 244; a delivery of property on a contract for an equivalent in money, or some other valuable commodity, and not for the return of the identical subject matter in its original or an altered form, is a transfer of property for value; it is a sale and not a bailment: *South Australian Ins. Co. v. Randell* Law Rep. 3 P. C. App. 101; *Johnston v. Browne* 37 Iowa 200; *Rahilly v. Wilson* 3 Dillon 420; *McCabe v. McKinstry* 5 Dillon 509; where the depository is to return another article of the same kind and value, or has an option to return the specific article or another of the same kind and value, it is an irregular deposit or *mutuum*, and passes the property as fully as a case of ordinary sale or exchange: Story on Bailments § 283 etc.; *Smith v. Clark* 21 Wend. 83; *Mallory v. Willis* 4 Comst. 76.

*Frank G. Holmes* for appellee.

CAMPBELL, J. This was an action on the case, for fraud in the purchase of wheat. The declaration contains 3

counts, all of which under various forms set out that defendant by false representations as to his credit procured plaintiff to sell and deliver certain wheat to him.

The facts found by the amended finding are that in October, 1875, an arrangement was made whereby plaintiff was to deliver to defendant, who was a miller, four hundred and fifty bushels of wheat, to be paid for on delivery or at any subsequent time when plaintiff demanded payment, at the Grand Rapids price current at the time of demand. It was understood that defendant might—as he did—use the wheat in his milling business to mix with other wheat of a different character for immediate grinding. In June, 1876, plaintiff demanded his pay at the current rates, and was induced to take a bank check at 10 days, by representations of solvency and prompt payment. In that interim defendant stopped business and made an assignment, having been insolvent, for some period not named, but earlier than June 1. The court on this held the deposit a bailment and the transaction of June 1 the only sale, and gave judgment for plaintiff.

We think this was erroneous. The plaintiff reserved no right to recall his wheat or any wheat or flour in its place. Defendant reserved no right to return it actually or in kind. He was bound at all events to keep it, and to pay for it on demand, while the money was payable without contingency. This was a sale and delivery at once, and without any credit on which defendant could rely. He was bound to have his money always ready, and to pay when called on.

There was no fraud shown in the original dealings. If any fraud was committed at all it was in getting an extension of time on a matured debt. This is not the fraud charged. Had defendant refused on the 1st of June to make payment, plaintiff's only remedy would have been by action for the price. He could not have reclaimed the property.

The action therefore was misapprehended.

Judgment must be reversed, and judgment entered for defendant on the finding, with costs of both court.

GRAVES, C. J. and COOLEY, J. concurred.