Filed Sept. 18, 1884.

---

No. 11,711.

BOTTENBERG v. NIXON.

BAILMENT.—*Warehouseman.—Conversion.—Accidental Fire.*—To a suit against a warehouseman for conversion of grain stored with him to his own use, he answered that the course of business was to deposit grain received in a common bin, containing grain owned by defendant and that deposited by others, and to sell to others and to deliver to depositors from this bin, and that plaintiff was informed of this custom; that there was always sufficient grain in the bin to answer all demands; and that before demand by plaintiff the warehouse and contents were destroyed by fire without fault of defendant.

*Held,* that the answer was sufficient, as there was no conversion, the loss not being attributable to the defendant.

SAME.—*Accident.—Negligence.*—The warehouseman is bound to keep sufficient grain on hand to respond to all demands of depositors in quantity and quality as received, unless excused by some accidental destruction of the grain without fault on his part.

SAME.—*Evidence.*—In such action it was proper to introduce proof of the quantity of wheat in the bin at the time of the accidental fire.

Bottenberg *v.* Nixon.

PLEADING.—*Answer in Confession and Avoidance.*—An answer in confession and avoidance is good if the facts show there was no such wrong as alleged in the complaint.

PRACTICE.—*Specific Objections to Evidence.*—*Bill of Exceptions.*—Specific objections to evidence must be stated to the trial court, and these objections must be set forth in a bill of exceptions, to present any question to the Supreme Court.

From the Fountain Circuit Court.

*A. A. Rice, B. F. Hegler, J. S. Nave* and *W. S. Potter*, for appellant.

*T. F. Davidson*, for appellee.

ELLIOTT, C. J.—The first and second paragraphs of the appellant's complaint charge that the appellee received from the appellant a large quantity of wheat to be stored, and that the appellee wrongfully converted it to his own use. The third paragraph does not charge a conversion in direct terms, but does set forth a contract of bailment and a failure to deliver the wheat on demand. The first paragraph of the appellee's answer was the general denial; the second paragraph admits the receipt of the wheat, and alleges that the appellee was engaged in the business of conducting a warehouse and of buying, selling and shipping grain; that the course of business was to deposit all grain received from depositors in a common bin with wheat bought by the appellee, and that from this bin wheat was taken and sold by him; that the appellant knew of this custom; that the appellee had in the common bin at all times, before October 8th, 1882, sufficient wheat of the kind deposited by the appellant to replace that received, and that on that day the warehouse and all its contents were destroyed by fire without any fault or negligence on the part of the appellee.

The principal question presented by the ruling of the court on this answer was decided in *Rice* v. *Nixon, ante*, p. 97, where we held that the contract was one of bailment, and that in the absence of negligence the bailee was not responsible for the loss of the wheat by an accidental fire. We there gave

the question a full and careful consideration, and do not deem it necessary to again discuss it.

We think that the facts stated show that there was no conversion, for they show that the loss of the wheat was due to an accidental fire, not attributable to the fault of the bailee. An answer in confession and avoidance is good if the facts stated in it are such as show that there was no such wrong as that alleged as the cause of action, and that is the case here; for it is shown that the wheat was not lost to the bailor by any wrongful act of the warehouseman, but was lost by a casualty for which he was not responsible. In such a case as this a wrongful conversion is the gravamen of the action, and when the facts pleaded show that there was no wrongful conversion, a defence is made out. The law, as we showed in *Rice* v. *Nixon, supra,* allows the warehouseman to use grain from the common receptacle, and the bare fact that he did use it can not be deemed a conversion.

The answer reaches the third paragraph of the complaint, because it shows that the grain was destroyed before the demand was made. The demand was not made until December, 1882, and before that time the wheat had been destroyed.

Instruction number three states the law as ruled in *Rice* v. *Nixon, supra,* and is, therefore, unobjectionable.

Instruction number eight is said by appellant's counsel to be wrong, upon the question of the burden of proof, in that it places the burden upon the appellee; but, granting this to be true, still the appellant has no cause of complaint. In our opinion, however, counsel are in error in asserting that the warehouseman is not bound to keep sufficient grain on hand to meet the demands of depositors. We understand that he is bound to do this, and that if he fails to respond to a demand by delivering wheat in quantity and quality such as that received he is liable, unless some accident, not attributable to his fault or negligence, caused the destruction of the grain.

It appears from what has been said in discussing the ques-

tions arising on the instructions, that there was no error in permitting appellee to prove the quantity of wheat in the bin when the warehouse was destroyed.

It has been many times decided that specific objections to evidence must be stated to the trial court, and that these objections must be set forth in the bill of exceptions. *City of Delphi* v. *Lowery,* 74 Ind. 520 (39 Am. R. 98), and authorities cited. The grounds of the objection to evidence of custom do not appear in the present bill of exceptions, and for this reason there is no question before us. Judgment affirmed.

Filed Sept. 18, 1884.