Woodward *et al. v.* Semans *et al.*

Filed Oct. 9, 1890.

---

No. 14,503.

## Woodward et al. *v.* Semans et al.

Bailment.— *Warehouseman.—Exchange of Property.—Contract of Sale.— What Constitutes.*—The defendants were dealers in grain, conducting a warehouse and a flouring-mill. The plaintiffs agreed to furnish wheat to the defendants, for which the defendants were to deliver to them, on request, a designated number of pounds of flour and bran for each bushel of wheat delivered. The flour and bran were to remain in the possession of the defendants, subject to delivery upon the demand of the plaintiffs. Before the delivery of all the flour and bran to the plaintiffs the mill and warehouse of the defendants were burned and the flour and bran destroyed, the fire not being caused by any negligence or wrong of the defendants.

*Held,* that the agreement between the parties did not constitute a bailment, but a contract of sale. The plaintiffs were entitled to a designated quantity of flour and bran for each bushel of wheat delivered by them, but they were not entitled to the flour and bran produced from the particular wheat delivered by them to the defendants.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellants.

*C. L. Henry* and *H. C. Ryan,* for appellees.

ELLIOTT, J.—The appellants were dealers in grain, conducting a warehouse and a flouring-mill at the town of Lapel. The appellees agreed to furnish wheat to the appellants, for which the appellants were to deliver to them, on request, a designated number of pounds of flour and bran for each bushel of wheat delivered. The flour and bran were to remain in the possession of the appellants, subject to delivery upon the demand of the appellees. Before the delivery of all of the flour and bran to the appellees the mill and warehouse of the appellants were burned and the flour and bran destroyed. The fire was not caused by any negligence or wrong of the appellants.

It is the law of this jurisdiction, as well as of many others, that where a warehouseman receives grain on deposit for the owner, to be mingled with other grain in a common receptacle from which sales are made, the warehouseman keeping constantly on hand grain of like kind and quality for the depositor, and ready for delivery to him on call, the contract is one of bailment and not of sale. *Rice* v. *Nixon*, 97 Ind. 97 (49 Am. Rep. 430, and authorities cited); *Bottenberg* v. *Nixon*, 97 Ind. 106; *Schindler* v. *Westover*, 99 Ind. 395; *Lyon* v. *Lenon*, 106 Ind. 567 (570); *Preston* v. *Witherspoon*, 109 Ind. 457; *Morningstar* v. *Cunningham*, 110 Ind. 328 (336). But the case before us does not fall within the rule which the cases cited assert; on the contrary, it falls within an entirely different rule. There is here no agreement to restore to the original owner the identical property nor to restore to him property of like quality, nor is there any agreement to restore to him the product of the property. The agreement is to yield property in exchange for property, and this is essentially a contract of sale. The appellees were entitled to a designated quantity of flour and bran for each bushel of wheat delivered by them, but they were not entitled to the flour and bran produced from the particular wheat delivered by them to the appellants. There was, therefore, no undertaking to restore the wheat either in

its original form or in an altered form.   In *Bretz* v. *Diehl,* 117 Pa. St. 589 (2 Am. St. R. 706), the court said:   "The fundamental distinction between a bailment and a sale is, that in the former the subject of the contract, although in an altered form, is to be restored to the owner; whilst in the latter there is no obligation to return the specific article; the party receiving it is at liberty to return some other thing of equal value in place of it."   Our own decisions assert a similar doctrine, and by some of them it has been applied to cases very like the present.   *Ewing* v. *French,* 1 Blackf. 353; *Carlisle* v. *Wallace,* 12 Ind. 252 (74 Am. Dec. 207); *Lyon* v. *Lenon, supra.*   The decisions of other courts are in full agreement with our own.   *Norton* v. *Woodruff,* 2 N. Y. 153; *Austin* v. *Seligman,* 21 Blatch. 506; *South Australian Ins. Co.* v. *Randell,* L. R. 3 P. C. 100 (108);   *Jones* v. *Kemp,* 49 Mich. 9.

Judgment affirmed.

Filed Oct. 9, 1890.