No. 14,502.

## WOODWARD ET AL. *v.* BOONE ET AL.

SALE.— *What Constitutes.—Bailment.*—Wheat was delivered to dealers in grain, to be paid for in twenty or thirty days, at whatever price prevailed. The wheat was placed in railroad cars, and not in the warehouse of the dealers.

*Held*, that this was a sale, and not a bailment.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett*, for appellants.
*E. B. Goodykoontz* and *G. M. Ballard*, for appellees.

ELLIOTT, J.—During the months of August and July, 1886, the appellants were the owners of a mill and warehouse, and were engaged in the business of milling and in the business of buying and selling grain. Wheat was delivered to the appellants by the appellees, and one of the latter thus states the terms upon which it was delivered : " We had hauled wheat to Mr. Woodward a few days before, that we sold for seventy cents per bushel, and when we finished hauling this lot of wheat the price dropped down to sixty-eight cents per bushel. I did not feel disposed to sell it at that price, and proposed to Mr. Woodward that I would leave it a few days, thinking that the prices would get better in twenty or thirty days, and I would sell it at that time, the price be what it would ; this was the 28th or 29th of July, perhaps, that we finished hauling the wheat, and on the night of the 16th of August the mill burned."

The wheat hauled to the appellants before the last lot mentioned in this testimony was delivered, was paid for by them. The wheat last hauled and not paid for was placed in railroad cars, and not in the appellants' mill or warehouse.

This evidence justified the trial court in deciding that the wheat was sold by the appellees, and that it was not left with the appellants as a deposit. It is evident that the appellees were not entitled to get back the identical wheat, nor

wheat of like character, for the wheat was not placed in a common receptacle, but was placed in railroad cars for shipment, hence the appellees were not entitled to demand anything except money for their wheat, let the price be what it would. The appellants were under an obligation to pay for the wheat, not to keep it on deposit. The case does not, therefore, belong to the class represented by *Rice* v. *Nixon,* 97 Ind. 97 (49 Am. Rep. 430), but to the class represented by *Lyon* v. *Lenon,* 106 Ind. 567. The case before us has the essential features of a contract of sale, and not of a contract of bailment. *Woodward* v. *Semans,* 125 Ind. 330.

Judgment affirmed.

Filed Nov. 21, 1890.