## McGrew *v*. Thayer, et al.

[No. 3,143.   Filed May 9, 1900.]

WAREHOUSEMEN.—*Storage of Grain.*—*Loss by Fire.*—*Bailment.*—A warehouseman received certain grain from the owner upon a written agreement reciting that such warehouseman was to pay the market price per bushel at any time up to a designated date, and that it was held subject to the owner's risk of loss by fire or heating. The grain was placed in bins with other grain of like quality, but the warehouseman at all times had on hands sufficient grain of like character and quality to redeliver to all depositors the grain deposited by them. *Held*, that the transaction constituted a bailment, and not a sale, and that the warehouseman is not liable for the market price where no demand had been made until after a loss by fire. *pp. 578-582.*

SPECIAL FINDING.—*When Silent as to Material Fact.*—When a special finding is silent as to a material fact to be found, it is taken as a finding against the party having the burden of proving such fact. *p. 581.*

From the Wabash Circuit Court.   *Affirmed.*

*B. M. Cobb*, for appellant.
*J. B. Kenner* and *U. S. Lesh*, for appellees.

WILEY, C. J.—Appellant sued appellees to recover for grain alleged to have been sold and delivered to appellees. It is averred that the contract of sale was that on demand appellees were to pay appellant the market price, as the same might be, on demand of payment. The complaint then avers a demand and a refusal to pay. The appellees an-

swered in general denial. Upon proper request, the. court made a special finding of facts, and stated its conclusions of law thereon. The facts specially found show that appellees were partners engaged in buying, selling, and storing grain at Huntington, Indiana, and were operating a warehouse there; that on July 19, 1894, appellant brought to appellees' warehouse 850 bushels and fifteen pounds of wheat, which was received by appellees upon the terms and conditions of a written agreement as follows: "Huntington, Ind., July 19, 1894. Received, in store, of Mr. Wm. McGrew 850 bushels and fifteen pounds of wheat, to be stored free for thirty days, after which time three-fourths of a cent per bushel on wheat per month or any part thereof, and one-half cent per bushel per month or. any part thereof, on rye, corn, oats, to cover shrinkage, for which we agree to pay the market price per bushel at any time to July 1, 1895, subject to owner's risk of loss by fire or heating. George H. Thayer & Co."

The court also found that appellant delivered to appellees at the same place two lots of oats, aggregating 1,432 bushels and twenty-six pounds, for which like storage receipts were given; that said receipts were made out and delivered to appellant at the time or soon after the several lots of grain were delivered to appellees; that said wheat and oats were placed in storage bins with other grain of like quality, and that appellant knew his grain was to be mixed with other grain of like character; that on August 8, 1894, appellees' warehouse and the contents thereof were destroyed by fire, which fire and destruction occurred without any fault or negligence on their part; that continuously from the time said grain was delivered to appellees at their warehouse, up to and including the time of the fire, they had on hand a. sufficient quantity of wheat and oats of a like character and quality to have delivered to appellant and to all others who had stored grain with them the several amounts stored by him and them; that, aside from the wheat stored with appel-

lees, they had on hand about 8,000 bushels, which they had purchased outright, and which belonged to them; that all the wheat, including that owned by appellees, which was not totally destroyed by fire, was carefully cared for by appellees, and distributed among the different persons who had wheat in store with them, each receiving an amount in proportion to the amount he had in store, and that appellees tendered to the appellant a portion of said salvage equal to his proportion of wheat so left in store with them, but that he refused to accept the same; that, when the wheat was delivered by appellant, it was worth forty-three cents per bushel, and when the oats was delivered it was worth twenty-five cents per bushel.

As conclusions of law, the court stated: (1) "The title to the grain left by the plaintiff in store with the defendants remained in the plaintiff up to and including the time of the fire, and that the defendants held it as bailees for the plaintiff." (2) "The defendants are not liable to the plaintiff for the value of such grain, nor the damages resulting to plaintiff from its destruction." (3) "I further conclude that the law is with the defendants, and that the plaintiff should take nothing by his suit."

Appellees have suggested some technical objections to the exceptions of appellant to the conclusions of law, but, as the questions for decision are fairly presented by the record, we are inclined to waive any such technicalities, and decide the questions upon their merits.

The main question for decision is, do the facts specially found show a contract of bailment or a contract of sale? If the former, then the conclusions of law are correct. It is earnestly argued by appellant that the facts show a sale, and not a bailment. This argument is based on that clause in the receipts which reads: "For which we agree to pay the market price per bushel at any time to July 1, 1895." In connection with other provisions of the receipt, it is not difficult to put a construction upon this one. By this provi-

McGrew *v.* Thayer.

sion, a time limit was given appellant by which he could, at any time within the limit (July 1, 1895), demand of appellees payment for the grain at the market price at the time of the demand. Up to that time, appellees could not have compelled appellant to accept from them the market price without his consent. In other words, the appellees had no right to purchase the grain at the market price without the assent of the appellant, and the special findings fail to show any such sale was ever made, or any market price ever agreed upon. The special findings failing to show this, and this fact being essential to appellant's right to recover, the fact must be regarded as having been found against him. The rule is firmly established in this State that, when a special finding is silent upon a material fact to be found, it is taken as a finding against the party having the burden of proving such fact. *Metropolitan Ins. Co. v. Bowser*, 20 Ind. App. 557; *Relender* v. *State*, 149 Ind. 283; *Levi* v. *Allen*, 15 Ind. App. 38; *Wysong* v. *Nealis*, 13 Ind. App. 165; *Indiana, etc., Ins. Co.* v. *Rundell*, 7 Ind. App. 426; *Heiney* v. *Lontz*, 147 Ind. 417; *Archibald* v. *Long*, 144 Ind. 451; *City of New Albany* v. *Endres*, 143 Ind. 192; *Belshaw* v. *Chitwood*, 141 Ind. 377; *Bell* v. *Corbin*, 136 Ind. 269.

From this we have no doubt but what the receipts show a contract of bailment, subject only to appellant's right at any time up to July 1, 1895, to demand of and receive from appellees the market price of the grain at the time of the demand. The title to the grain remained in appellant, and it is shown that it was stored in regular storage bins, mixed with other grain of like quality, and that appellant knew this. It is also shown that from the time the grain was stored, up to the time of the fire, appellees kept on hand and in store grain of like character and quality to have delivered to appellant the full amounts so stored by him and to have done the same with all other persons who had grain stored with them. This brings the case within the rule declared in the case of *Drudge* v. *Leiter*, 18 Ind. App. 694.

If there was any doubt about the construction which we have thus given the receipts in question, such doubt is made to disappear in the last clause of the receipts, which is as follows: "Subject to owner's risk of loss by fire, or heating." This clause specifically fixes the ownership of the grain as that of appellant, and, in case of loss by fire, the loss should be that of the owner. The rule is that when property in the custody of a bailee is destroyed accidentally, without any fault on his part, the bailee is not liable. *Drudge* v. *Leiter, supra,* and authorities there cited. It is the law of this jurisdiction, as well as of many others, that where a warehouseman receives grain on deposit for the owner, to be mingled with other grain in a common receptacle, from which sales are made, the warehouseman keeping constantly on hand grain of like kind and quality for the depositor and ready for delivery to him on call, the contract is one of bailment, and not of sale. *Woodward* v. *Semans,* 125 Ind. 330; *Rice* v. *Nixon,* 97 Ind. 97, 49 Am. Rep. 430; *Bottenberg* v. *Nixon,* 97 Ind. 106; *Schindler* v. *Westover,* 99 Ind. 395; *Lyon* v. *Lenon,* 106 Ind. 567; *Preston* v. *Witherspoon,* 109 Ind. 457; *Morningstar* v. *Cunningham,* 110 Ind. 328; *Baker* v. *Born,* 17 Ind. App. 422. The facts specially found bring this case squarely within the above rule. Upon the facts found, the conclusions of law are correct.

Appellant assigned thirteen reasons for a new trial, but none of them present any question for review except the first and second, which are that (1) the finding of facts is contrary to the evidence, and (2) that the finding of facts is not sustained by sufficient evidence. Technically, under these reasons, if any one fact found by the court is supported by the evidence, we could not consider them, for they challenge the special findings as a whole. The findings of the court were seventeen in number, and the motion for a new trial does not call in question each of said findings separately, but all of them jointly. But we waive this technicality in

this instance, and have carefully read every word of the evidence, and our conclusion is that each finding of fact is well supported by the evidence. The trial court fully and fairly stated all the facts disclosed by the evidence, and we do not see how it could have reached any other conclusion than that stated. Judgment affirmed.