## Hagey et al. v. Schroeder.

[No. 4,095.   Filed December 11, 1902.]

Sales.—*Contract.*—*Bailment.*—An instrument reciting, ''Received of Charles Schroeder 408$\frac{55}{60}$ bushels of wheat, to be paid for at market price, on demand,'' reasonably admits of the construction that the transaction was a sale, and not a bailment. *pp. 151, 152.*

Appeal and Error.—*Trial.*—*Change of Theory.*—Where defendants, in an action for the recovery of the purchase price of wheat, based upon an instrument acknowledging the receipt of a certain quantity of wheat ''to be paid for at market price, on demand,'' objected to evidence as to the market price of wheat when demand was made therefor, after the elevator in which the wheat was stored had burned, on the ground that if the wheat was sold the price was fixed at the time of the sale, and such objection was sustained, they will not be heard in their contention on appeal that the price at the time of demand governed. *pp. 152, 153.*

Lost Instruments.—*Proof of Contents.*—*Copy.*—Where proof was made of the contents of a lost instrument, no error was committed in afterward admitting in evidence a copy which a witness testified was an exact copy of the original, and which did not differ in any material respect from that testified to by the former witness. *p. 153.*

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Action by Charles Schroeder against Ulysses S. G. Hagey and others for the value of wheat delivered to defendants. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*G. E. Clark, Andrew Anderson, James DuShane* and *W. S. Crabill,* for appellants.

*A. L. Brick, D. D. Bates* and *G. G. Feldman,* for appellee.

Robinson, J. — This is an action by appellee for the value of wheat delivered to appellants, who are grain dealers. When the wheat was delivered appellants gave to appellee the following, signed by them, and dated March 12, 1900: ''Received of Charles Schroeder 408$\frac{55}{60}$ bushels of wheat to be paid for at market price, on demand.'' The

elevator containing the wheat was burned March 20, 1900. No demand was made until two or three days after the fire. The jury found that after March 12, 1900, appellee demanded of appellants the market price of the wheat, but that there was no evidence to determine what the market price was on the day of such demand. They also found that appellee accepted the contract intending the same as a contract for the sale of the wheat.

The so-called receipt, which is a contract, reasonably admits of the construction that the transaction was a sale, and not a bailment. See *Lyon* v. *Lemon,* 106 Ind. 567; *Ewing* v. *French,* 1 Blackf. 353; *Chase* v. *Washburn,* 1 Ohio St. 244, 59 Am. Dec. 623; *Woodward* v. *Boone,* 126 Ind. 122. Counsel for appellants admit in their brief that the contract, under the findings of the jury, is a contract of sale; and their argument is that the market price of the wheat was to be determined as of the date of the demand, and that as the jury find there was no evidence by which to determine the market price at the time such demand was made, they should have had judgment upon the answers to the interrogatories.

As the contract was one of sale, the price to be paid was either the market price at the date of the contract, or the market price at the date of the demand. It is not in any way inconsistent with any provision of the contract that it be construed to mean the market price at the date of the contract. There is evidence that the wheat was sold at the date of the contract, and there is no special answer of the jury to the contrary. Moreover, during the direct examination of appellee, after he had testified that after the fire he went to one of the appellants and told him that he wanted the money for his wheat, he was asked whether he knew what wheat was then worth. The record states: "Counsel for defendants object to the question as to what the wheat was worth after the fire, for the reason that it is the con-

tention that it was either sold then and there under that receipt at the market price on that day, or it was not sold. * * * If it was sold the price was fixed at the time of the sale." This objection was sustained, and evidence of the market price at the date of the demand was excluded. As counsel for appellants then fixed the time at which the market price should be determined if the contract was one of sale, and now admit that the contract is a contract of sale, they can not now be heard to complain if that construction is given that part of the contract which they asked should be given it by the trial court, and which was given it at the trial. See *Louisville, etc., R. Co.* v. *Hughes,* 2 Ind. App. 68; *Crabb* v. *Orth,* 133 Ind. 11; *Lewis* v. *Stanley,* 148 Ind. 351.

The case at bar is to be distinguished from the cases of *Rice* v. *Nixon,* 97 Ind. 97, 49 Am. Rep. 430, and *Schindler* v. *Westover,* 99 Ind. 395, where it affirmatively appeared that the wheat was stored.

The original contract had been lost, and after the proper foundation was laid, appellee testified, without objection, as to the contents of the contract. Afterwards a witness testified that he had made an exact copy of the contract before the original was lost. There was no reversible error in admitting this copy in evidence. It did not differ in any material respect from the contents of the contract as testified to by the former witness. See *Crim* v. *Fleming,* 123 Ind. 438; 1 Rice, Evidence, 153 *et seq.;* 1 Greenleaf, Evidence (Lewis' ed.), §§84, 558, 582; Reynolds' Stephen, Evidence, Arts. 70, 71; *Goodrich* v. *Weston,* 102 Mass. 362, 3 Am. Rep. 469; *Winn* v. *Patterson,* 9 Pet. 663, 9 L. Ed. 266. The rule which does not permit the introduction in evidence of a memorandum from which a witness refreshes his memory does not control in such cases.

Judgment affirmed.