## Thompson v. Jordan.

[No. 20,538.   Filed April 25, 1905.]

1. **Appeal and Error.** — *Complaint.* — *Sufficiency.* — *Question First Raised on Appeal.*—Mere uncertainty or inadequacy of averment, such as might have been amended on motion below, will not vitiate a complaint when attacked for the first time on appeal, but there must be a total lack of an essential element of the cause of action.   p. 552.

2. **Warehousemen.**—*Bailment.*—*Grain.*—A grain dealer operating a warehouse and receiving grain on deposit to be commingled with a common stock from which sales are regularly made by such dealer in the course of his regular business, and keeping on hand like grain at all times for all depositors and ready for delivery upon demand, is a bailee of such grain.   p. 554.

3. **Same.**—*Sale.*—Where the owner of grain knowingly delivers same to a warehouseman doing a general buying and selling business, to be mixed with other grain and the sales to be made from such common mass, unless such owner has an agreement for the return of such grain or a like amount, the transaction is a sale, and not a bailment. p. 554.

4. SALES.—*Warehousemen.*—*Grain.*—Where the owner of grain delivered same to a warehouseman whose established usage was to give the depositor the right to demand the market price of his grain at any time, and there was no contract for the return of the grain nor any showing that the grain was returned, the warehouseman was liable to the depositor, although demand was not made until after the grain had been destroyed by fire. p. 555.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by LaFayette M. Jordan against James Thompson. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Davidson & Boulds,* for appellant.

HADLEY, C. J.—Suit by appellee to recover for corn which had been destroyed by fire in appellant's elevator. The complaint is in a single paragraph, and alleges "that the defendant is indebted to the plaintiff on account in the sum of $78.84 for so much goods sold and delivered." The bill of particulars filed with and made a part of the complaint is as follows: "James Thompson to LaFayette M. Jordan, Dr. May 18, 1902, 131 40-100 bushels of corn at sixty cts. $78.84." There was a trial by the court, and a special finding and conclusions of law in favor of appellee. From the judgment rendered thereon Thompson appeals, and assigns as error that the facts set forth in the complaint are insufficient to constitute a cause of action, and that the court erred in its conclusions of law and in overruling his motion for a new trial.

1. The objection to the complaint is that it does not aver the ground of the indebtedness or to whom payable or upon whose request it was incurred or the person to whom the goods were sold and delivered. This being the first assault upon the sufficiency of the complaint, it must be tested by the rule as stated in *City of South Bend* v. *Turner*

(1901), 156 Ind. 418, 83 Am. St. 200, 54 L. R. A. 396, and, being so tested, must be held sufficient to support the judgment.

The single other question presented by the assignment is, who was the owner of the corn at the time it was destroyed by fire? The facts disclosed by the special finding amount to this: Appellee, an unknown man, on May 8, 1902, sent 132 bushels of corn to the warehouse of appellant, who was a grain dealer engaged in the business of buying and selling corn and receiving in store the corn of others, and obtained a memorandum of weights, but did not disclose to the appellant, directly or indirectly, whether he intended the delivery to be treated as a sale or as a deposit for storage. Under established usage, which was known to appellee, he would be permitted to demand payment at any time after delivery, and become entitled to the value of such corn on the day of demand; but, if demand was delayed for more than thirty days after delivery, he would be liable to the dealer for storage and shrinkage in settlement. The demand for payment was made and refused within thirty days after delivery, to wit, on May 24, but two weeks after the corn had been destroyed by fire, which had happened on May 10, without any fault on the part of the dealer. Furthermore, in accordance with the usage, known to appellee, the corn upon delivery at the elevator was thrown into a common bin, into which all corn of like quality was thrown, whether purchased outright by appellant, or received from others for storage, and from which bin appellant made sales in the regular course of business, he at all times keeping on hand an amount of corn of same quality equal to the aggregate amount held in storage for others; and in fact appellant did have on hand continuously from May 8 to the time of the fire enough corn of same quality to return to all depositors the amount in storage. The finding is silent as to whether, under the usage, grain was returned to depositors upon

demand, or whether the right to have return was recognized by appellant.

2. The question turns on whether the transaction was a sale or a bailment. If a sale, the title passed on May 8, and the loss was appellant's. If a bailment, the title remained in appellee, and the loss was his, it having resulted without negligence of the bailee. The distinction between the two, as applied to grain dealers, is clearly established in this State. It is a much more conservative rule than that adopted by many other courts of last resort, and seems, upon further consideration, to rest upon the more reasonable and just grounds. That distinction is this: Where a grain dealer, operating a warehouse, receives grain on deposit for the owner, to be commingled with other grain in a common receptacle, from which sales are made by the dealer in regular course of business, the dealer keeping constantly on hand sufficient grain of like kind and quality for the depositor and all other receipt holders, ready for delivery to them upon demand, the contract is one of bailment. *Woodward* v. *Seamans* (1890), 125 Ind. 330, 21 Am. St. 225, and cases cited; *McGrew* v. *Thayer* (1900), 24 Ind. App. 578, and cases cited.

3. All courts go so far as to hold that where grain is delivered at an elevator doing a general buying, selling and storage business, with knowledge that the same will be mixed with that of others in a common bin, and that sales will be made from the mass by the owner as his property in the usual course of trade, the transaction is not a bailment, but a sale, unless at the beginning it was agreed that the dealer should keep the delivery, or other grain of like kind and quality, constantly on hand for return to the owner upon demand. In other words, as in this case, where an owner, knowing that the established custom at the elevator is to mix all grain, whether purchased outright by the dealer or received by him in store for others, and that such commingled mass is subject to sale by the dealer without

the assent of the depositors, delivers grain at the elevator without any agreement at the time that the same shall be held in store, and without disclosing the purpose of the delivery, whether for sale or to be placed in store, the matter must be treated as a sale and not as a bailment. *Lyon* v. *Lenon* (1886), 106 Ind. 567; *Schindler* v. *Westover* (1884), 99 ' Ind. 395; *Ledyard* v. *Hibbard* (1882), 48 Mich. 421; *Sexton* v. *Graham* (1880), 53 Iowa 181; *Bretz* v. *Diehl* (1888), 117 Pa. St. 589, 602. In the latter case the rule declared in *Lyon* v. *Lenon, supra,* receives express approval.

4. This case comes far within the sales rule. It is disclosed by the findings that, under the established usage, depositors of grain had the right to demand settlement at any time they should elect, and become entitled to pay for their grain at the market price on the day of demand; but it is not found, and hence, under the rule, we assume it did not exist as a fact, that there was a usage or custom that appellant should return grain to depositors upon demand, or that he ever did make such return, or that he recognized any such right in his depositors.

The bailment theory insisted upon by appellant, which we have seen must rest upon contract, finds no support either in express stipulation or as implied from custom, and the question must therefore be decided against him.

Judgment affirmed.