(77 South. 440)

KNIGHT v. HARRIS, CORTNER & CO.

(8 Div. 478.)

(Court of Appeals of Alabama.   Nov. 20, 1917.)

1. SALES ☞199—PASSING OF TITLE—OPTION OF SELLER AS TO PRICE.

Where in consideration for advances defendant was privileged to use cotton delivered to it and to make final settlement with plaintiff upon demand, the amount to be determined by the market price at the time of the demand, there was a sale, and the title passed.

2. SALES ☞184—OPTION OF SELLER AS TO PRICE—DEMAND FOR SETTLEMENT.

Where cotton was delivered and title passed, the price to be the market price at the time of demand for settlement, a demand for 13 cents per pound when cotton was less than that did not constitute a demand for settlement, and where the price of cotton fell, it was the seller's loss.

3. SALES ☞364(1)—REVERSIBLE ERROR—ERRORS IN INSTRUCTIONS.

In an action for the price of cotton, which was to be the market price at time of demand, where the court charged not to find for plaintiff if cotton was not worth more than "12½ cents per ½ pound," when 12½ cents per pound was intended, and the date of demand was hypothesized to the wrong year, there was reversible error.

4. APPEAL AND ERROR ☞699(2)—RECORD—STATUTES—TIME OF TAKING EFFECT.

Code 1907, § 5364, as amended by Acts 1915, p. 815, requiring charges to be set out in the record proper, does not apply to a case tried before the passage and approval of the amendment.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Action by Jennie W. Knight against Harris, Cortner & Co., for the price of cotton. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The facts sufficiently appear.

(A) The defendant is not liable to plaintiff for the cotton delivered to him by plaintiff on the price at which defendant sold the cotton.

(C) If you are reasonably satisfied from the evidence in the case that plaintiff held open a

settlement of her cotton until cotton went down to 8 cents per pound, and until she was called upon to put up margins, and then declined and threatened to sue and did sue, your verdict should not be for plaintiff.

Charge E sufficiently appears. Charge 8 does not appear in the record, but charge B is as follows:

Before plaintiff can recover she must reasonably satisfy your minds upon the evidence that she demanded a settlement, or closing out of her cotton, between June 9 and 30, 1916.

E. W. Godbey, of Decatur, for appellant. Callahan & Harris, of Decatur, for appellee.

BROWN, P. J. [1] There seems to be no controversy as to the terms of the agreement between the parties under which the cotton in controversy was delivered to the defendant. In consideration of the money advanced by the defendant to the plaintiff, it was privileged to use the cotton in its business and to deal with it as it saw fit, and to make final settlement with the plaintiff therefor upon demand made by her, the amount plaintiff was entitled to receive for the cotton to be determined by the market price, basis middling, at the time of such demand, the price so determined to be applied to extinguishing the indebtedness created by the advancement made, and whatever balance there might be, if any, to be paid over to the plaintiff. This arrangement clearly contemplated that the title of the cotton should pass to the defendant at the price fixed by the contract—the market price of cotton, basis middling, at such time as the plaintiff elected to close the transaction by making a demand for settlement—thus embodying all the elements of a sale. Cloke v. Shafroth, 137 Ill. 393, 27 N. E. 302, 31 Am. St. Rep. 380; Carlisle v. Wallace, 12 Ind. 252, 74 Am. Dec. 208; Barnes v. McCrea, 75 Iowa, 267, 39 N. W. 122, 9 Am. St. Rep. 475; Ledyard v. Hibbard, 48 Mich. 421, 12 N. W. 637, 42 Am. Rep. 477; Jones v. Kemp, 49 Mich, 9, 12 N. W. 890; Woodward et al. v. Boone et al., 126 Ind. 122, 25 N. E. 812; Lonergan v. Stewart, 55 Ill. 45.

The questions litigated are as to whether such a demand as contemplated by the agreement between the parties was ever made by the plaintiff, and if so, when, and what was the market price of cotton at Decatur, basis middling, at that time? Under the evidence, these were all questions of fact to be determined by the jury, the plaintiff's contention being that such demand was made on several dates between the 9th and 30th of June, 1914, and that the market price of middling cotton between these dates was at and around 13 cents per pound. On the other hand, the defendant's contention was that the only demand made was for a settlement at 13 cents per pound for the entire lot of cotton, and that this was in excess of the market price. The defendant also offered evidence tending to show that the plaintiff refused to accept settlement for the cotton on the basis of the market price on several occasions, and made no demand until cotton declined and the value of the cotton was less than the amount of the loan or advancement made thereon, and when defendant called on the plaintiff to margin up the price so as to protect the loan, she refused to do so and threatened to sue, and then brought this suit.

[2] The option rested with the plaintiff to close the transaction at any time she saw fit, and to do this, it was only necessary that she signify to the defendant her desire for a settlement, according to the terms of the contract. If she demanded more than the prevailing market price at the time, this was not in accordance with the contract, and no obligation rested on the defendant to settle on any such terms.

When these principles are applied, it is manifest that the action of the court in giving charges A and C was free from error. Charge 8 asserts a correct proposition of law, applicable to the case but for the error in hypothesizing the date of the demand.

[3] Charge E, given at the request of the defendant, is as follows:

"I charge you, gentlemen of the jury, that the burden is on the plaintiff in this case to reasonably satisfy your minds from the evidence in this case that the cotton of the grade and classification as that which the plaintiff delivered to the defendant was worth on the market in Decatur, Ala., on some date between June 9 and June 30, 1915, more than 12½ cents per ½ pound; and if she has failed to so satisfy your minds, then your verdict must be for the defendant."

In addition to the mistake in the date, it will be noted, that this charge imposed on plaintiff the duty of showing that the market price at the time of the demand for settlement, if one was made, was more than 25 cents per pound, before she would be entitled to a verdict. The evidence tended to show that the amount of cotton unsettled for was 11,612 pounds, which at 13 cents per pound would more than liquidate the balance due on the loan or advancement. In giving this charge, the court committed reversible error. Charge B should not have been given because of the error in hypothesizing the date of the demand.

Charge 5A, refused to plaintiff, was a duplicate of charge 4, given at her instance, and was properly refused.

[4] This case was tried before the passage and approval of the act amending section 5364 of the Code, requiring the charges to be set out in the record proper (Acts 1915, p. 815), and that act is not applicable to this case. Kinney v. Ehrensperger, ante, p. 289, 77 South. 439.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.