### ARNDT v. CROWELL et al.

No. 19320. Opinion Filed Sept. 24, 1929.

252

Chase & King, for plaintiff in error.

E. W. Snoddy, for defendants in error.

RILEY, J. The foremost question here involved is whether the transaction between plaintiff and defendants below constituted a sale or a bailment. Judgment is based upon the verdict of a jury; the effect is the acceptance of defendants' theory as pleaded, which is that Arndt stored his 1923 crop of wheat in the amount of 651½ bushels in defendants' elevator (for future sale, the consideration to be based upon the market price on the day Arndt elected to sell), and that prior to his election and on January 15, 1924, the elevator belonging to defendants, from some unknown cause, and without negligence on the part of defendants, burned, consuming Arndt's wheat. The elevator in question was not a bonded warehouse. Defendants placed the wheat in a common mass, as permitted under section 11145, C. O. S. 1921.

"If authorized by agreement or by custom, a warehouseman may mingle fungible goods with other goods of the same kind and grade. In such case the various depositors of the mingled goods shall own the entire mass in common and each depositor shall be entitled to such portion thereof as the amount deposited by him bears to the whole." Citizens St. Bk. of Vici v. Gettig, 77 Okla. 48, 187 Pac. 217; 27 R. C. L. 977, par. 35.

There is neither pleading nor proof that the defendant warehouseman had any option as to the return of the stored property or payment of the market price, but, on the other hand, it appears that the option, if any, was to be exercised by the plaintiff.

Evidence introduced bearing upon a course of dealing between the parties and extending over a period of years showed that in each instance Arndt had elected to demand settlement from time to time and in each instance defendants at plaintiff's election had paid the market price for so much wheat, so stored, as plaintiff selected.

The rule is stated in 27 R. C. L. 978, as follows:

"But if the storer is the one having the option as to the future sale of the property, the warehouseman being required to hold the property until the storer demands its return or sells it, it is generally held that the transaction remains a bailment until such option is exercised, though a contrary conclusion has been reached in some cases."

Plaintiff's exhibits 1 to 16 are similar and in the following form:

No...........      Alva, Okla., 1-14-192__
Load of____wht____      1923 crop.
From____Bob Arndt

Crowell Brothers
By_____
Gross 4830      Test 60
Tare 2200      Price_____
Net 2630      Am't_____
     Weigher, A E R

This ticket not negotiable or transferable. Return ticket when desiring settlement. This is not a storage ticket, and any grain left with Crowell Brothers shall be at risk entirely of holder of this ticket.

The trial court instructed the jury that under the statute no public warehouseman was permitted to insert in a warehouse receipt any clause limiting or modifying his liability or responsibility as imposed by law, but that the law of this state required a warehouseman to use ordinary care in the preservation of property intrusted to his care. However, testimony was introduced by both parties bearing upon the question of risk; the plaintiff contending that defendants informed him that the owners of the elevator were fully insured and were liable for the wheat so stored; the defendants showing, to the evident satisfaction of the jury, that they advised plaintiff to insure his wheat, as they were not liable. Moreover, the indisputable fact was established that defendants did not have the whole of the wheat insured, but only a portion thereof in the value of $2,000, individually claimed by them.

The rule is stated in 27 R. C. L. 979, and based upon good authority (Moses v. Teetors [Kan.] 67 Pac. 526, 57 L. R. A. 267), that:

"If the property is subject to the owner's risk from fire, it is held that the transaction is a bailment." Drudge v. Leiter, 18 Ind. App. 694, 49 N. E. 34, 63 A. S. R. 359; Irons v. Kentner, 51 Iowa, 88, 50 N. W. 73, 33 Am. Rep 119; Ledyard v. Hibbard, 48 Mich. 421, 12 N. W. 637, 42 Am. Rep. 474; Wells v. Porter, 169 Mo. 252, 69 S. W. 282, 92 A. S. R. 637. See: Note 10 Ann. Cas. 1076, to the effect that where a depositor of grain retains the option to demand the redelivery of his property or other of like kind and quality, or to sell to the warehouseman or to whomsoever he wishes, the contract will be construed as one of bailment and not of sale."

In the instant case the inquiry was made whether the plaintiff had, in the course of his dealings with defendants, ever failed to exercise his option of settlement for a period of a year, and the answer was "No" (C.-M.

129), thus establishing "a limited period" for the exercise of the option of settlement. McGrew v. Thayer, 24 Ind. App. 578, 57 N. E. 262.

There was an offer of evidence, rejected by the court, to the effect that shortly after the elevator burned, an examination was made of the ruins and the wheat remaining in the pits and around the elevator, and that from calculations made "there was not to exceed 3,000 bushels of wheat there."

The purpose of such testimony was probably with the view of endeavoring to establish the exact amount of wheat on hand in the elevator prior to its destruction by fire, and, second, that obligations of debts to persons similarly situated as was plaintiff was in excess of the amount of wheat on hand, or, in other words, that defendants were bailee to the extent of 4,700 bushels of wheat, but that defendants had converted wheat to their own use from the common store until the amount on hand was reduced to 3,000 bushels, wherefore, by reason of the exercise of dominion over the common store, defendants became and were the owners thereof based upon their conversion, and consequently liable for the whole. The fault with the proffered testimony is twofold: (1) There was no offer to show any relation between the amount in ruin and the amount on hand prior to the fire; it was irrelevant; and (2) there was no allegation of conversion. The evidence offered was without the issue as joined by the pleadings.

Objection is made to the instructions given and refused. We have reviewed the instructions given, and conclude no reversible error occurred in the giving or refusing of instructions. Affirmed.

HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur.

MASON, C. J., not participating.

LESTER, V. C. J., and ANDREWS, J., absent, not participating.